**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENEAL NELSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO. |
| | ) | |
| MENARD, INC., | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

NOW COMES Defendant MENARD, INC. by its attorneys, and pursuant to 28 U.S.C. §1441, 28 U.S.C. §1446 and 28 U.S.C. § 1332, hereby files its Notice of Removal of this cause to the United States District Court for the Northern District of Illinois, from the Circuit Court of Cook County, Illinois, and respectfully states:

1.     On March 14, 2016, the Plaintiff, Jeneal Nelson, filed an action in the Circuit Court of Cook County, Illinois, entitled Jeneal Nelson v. Menard, Inc., Case No. 2016-L-002675. Defendant in said action now files this Notice of Removal. Upon receiving a file-marked copy hereof, Defendant will serve this Notice of Removal upon Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

2.     Plaintiffs commenced this cause of action in Cook County, Illinois on March 14, 2016, by filing their Complaint and having a summons issued thereon. A summons and copy of the Complaint were served on Defendant, on May 3, 2016. Accordingly, this Notice of Removal is timely. A copy of the Complaint, Answer and Cook County Electronic Docket Entry is attached hereto as Exhibit A.

3.      The Plaintiff is a citizen of the State of Illinois and currently resides and has resided in Illinois.

4.      Defendant is a citizen of Wisconsin, with its principal place of business and headquarters located at 5101 Menard Drive in Eau Claire, Wisconsin 54703.

5.      The Complaint alleges that the Plaintiff, Jeneal Nelson, suffered personal injury during an accident occurring on March 13, 2014, at the Menards premises located at 21630 S. Cicero Ave., in Matteson, Cook County, Illinois.

6.      The amount in controversy in this cause exceeds $75,000.00  The Plaintiff, Jeneal Nelson, alleges that he sustained great mental and physical pain, anguish and suffering, various physical injuries to her person and was permanently injured and disabled and temporarily totally incapacitated, and other claims of expected future pain and injury, as well as a claim for expenditure of diverse large sums of money as a result of her injuries. She has demanded judgment in excess of $50,000.00 Under Illinois law, a plaintiff may recover any amount awarded to her over $50,000.00, if proven. Based on information known to date, the Plaintiff, Jeneal Nelson, will claim medical expenses in addition to compensatory damages for pain and suffering and loss of a normal life as a result of her alleged significant injuries suffered and resulting damages. The Plaintiff has specified she will request a judgment in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County.

7.      Because this controversy is entirely between citizens of different states diverse from the Plaintiff and the amount in controversy exceeds $75,000.00, Defendant desires to remove said cause from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois based on diversity jurisdiction.

WHEREFORE, Defendant MENARD, INC. respectfully requests that this case proceed before the United States District Court for the Northern District of Illinois as an action properly removed.

Respectfully submitted,

*/s/ Timothy J. Young*
One of the Attorneys for Defendant

Martha J. Heiberger (#6286373)
Timothy J. Young (#6192231)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Martha.Heiberger@lewisbrisbois.com
Tim.Young@lewisbrisbois.com

ELECTRONICALLY FILED
3/14/2016 2:12 PM
2016-L-002675
CALENDAR: D
PAGE 1 of 4
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**STATE OF ILLINOIS** )
) **S.S.**
**COUNTY OF COOK** )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT--LAW DIVISION**

| | | |
|---|---|---|
| **JENEAL NELSON,** **plaintiff,** | ) | |
| vs. | ) | No. 16 L 2675 "D" |
| **MENARD, INC.,** **defendant,** | ) | |

**COMPLAINT AT LAW**

**NOW COMES** the plaintiff, **JENEAL NELSON**, by her attorneys, **IRA M. KLEINMUNTZ & ASSOCIATES, LTD.**, and complaining of the defendant, **MENARD, INC.**, allege for a cause of action as follows:

1. On **March 13, 2014**, and at all times relevant, the plaintiff, **JENEAL NELSON**, was a patron of a local retail establishment of **MENARD, INC.**, located at 21630 S. Cicero Ave., Matteson, State of Illinois, and County of Cook.

2. On and about **March 13, 2014**, Defendant, **MENARD, INC.**, owned, maintained and controlled the premises and operations located at said location at 21630 S. Cicero Ave., Matteson, State of Illinois, and County of Cook.

3. On **March 13, 2014**, Defendant, **MENARD, INC.**, at said location by and through it's agents, employees and servants, was not only present in and upon said premises but controlled portions of the premises wherein said patrons of the establishment, including plaintiff **JENEAL NELSON** were permitted and required to walk past and through the ingress and egress entrances of said store as welcome patrons of the store for the economic benefit and monetary profit.

4. On and prior to said date, the Defendant, **MENARD, INC.**, was in charge of and had

EXHIBIT A

the right to possession and control and did possess and control the entry and exit ways and aisle ways and interior walkways leading into and out of and throughout the MENARD, INC. whereat merchandise was stored and displayed and where plaintiff was intended and permitted to walk and did walk for the purpose of patronizing the retail establishment.

5. At said place and time, the defendant, MENARD, INC., had the duty to control the conditions of the entryways and exits and aisle ways and all walkways leading into and out and through the MENARD, INC. whereat merchandise was stored and displayed and pallets for merchandise display were placed and provide a safe place to walk within and about the premises and specifically the area where plaintiff did walk for the purpose of entering and exiting and patronizing the retail establishment.

6. At all times relevant, the Plaintiff, JENEAL NELSON, was an invitee lawfully upon the aforesaid premises, an intended and foreseeable permitted user in the exercise of ordinary care for her own safety.

7. At all times relevant, while walking through entrance and exit and aisles and walkways of the MENARD, INC., the Plaintiff, JENEAL NELSON, was at all times in the exercise of ordinary and reasonable care for her own safety and was at all times free from any contributory fault whatsoever in the course of her conduct, or the manner in which she passed by and through the entrance and exit and aisles of displayed merchandise while Plaintiff was a patron of the retail establishment open to the public as a patron and invitee.

8. It was at all times relevant the duty of the defendant, MENARD, INC., to use ordinary and reasonable care in its operation and maintenance of said premises so that invitees and those members of the public who, for whatever reason, choose to patronize said premises and as invitees to said premises, could safely enter and exit and walk through said premises, and to exercise ordinary and reasonable care towards said plaintiff, JENEAL NELSON, or others like her, with due regard for the safety of the plaintiff and her person and property.

9. Yet, notwithstanding the aforesaid duty, the defendant, MENARD, INC., by and

-2-

ELECTRONICALLY FILED
3/14/2016 2:12 PM
2016-L-002675
PAGE 2 of 4

D:\PrintImageBundler\Temp\481209\Originals\JENEAL NELSON VS. MENARD, INC..PDF

through its agents, employees and/or representatives, acting within the course and scope of their employment, and acting under the control and for the economic benefit and monetary profit of the defendant, were guilty of one or more of the following careless and negligent acts, to-wit:

ELECTRONICALLY FILED
3/14/2016 2:12 PM
2016-L-002675
PAGE 3 of 4

a.   Negligently carelessly an improperly failed to properly place pallet displays of merchandise for sale near the entrance and exit attendant to its displayed merchandise in a suitable and safe contained manner, to the injury of plaintiff;

b.   Negligently, carelessly and improperly placed pallet displays on the floor By entrance and exit in a manner that blocked safe ingress and egress to the premises to the injury of the plaintiff;

c.   Negligently, carelessly and improperly placed the pallet displays in a location which as a crowded entrance, exit and walkway for a patron entering or exiting or walking into or out of the store creating a tripping hazzard to exist on the floor of the store nesr the doorway.

d.   Negligently, carelessly and improperly failed to provide a safe means of travel through the entrance and exit door by permitting a pallet display to sit latent on the floor where it could and did cause a patron to trip and fall while negotiating a crowded entrance and exit way to the injury of the plaintiff;

e.   Negligently, carelessly and improperly caused, directed and permitted the plaintiff to walk through said entrance and exit way way upon the premises when the defendants knew or should have known due to product placement on a tnen near empty pallet to be latent and unseen could cause injury to the plaintiff;

F.   Were otherwise careless and negligent by permitting said conditions to exist on said premises without warning or obvious visibility of said tripping hazzard although defendant knew or in the exercise of ordinary care should have known of the condition of it's premises and danger to persons and patrons then and there attempting to patronize it's place of business.

10.   As a direct and proximate result of one or more of the aforesaid wrongful, careless and negligent acts of the defendant, the plaintiff, JENEAL NELSON, was injured when her foot got caught in a pallet placed by the door and she became stuck and her forward motion and entanglement

-3-

D:\PrintImageBundler\Temp\481209\Originals\JENEAL NELSON VS. MENARD, INC..PDF

of her foot in the pallet caused plaintiff to fall whereby plaintiff did sustain serious injuries, one of which is permanent.

11. Also as a further direct and proximate result of one or more of the aforesaid wrongful, careless and negligent acts of the defendant, the plaintiff, JENEAL NELSON, did suffer great mental and physical pain, anguish and suffering, and sustained various physical injuries to her person and to be otherwise permanently injured and disabled in her health and vitality and to be rendered temporarily totally incapacitated so as to be unavailable for her usual enjoyment of daily living or affairs both inside and outside of the home or workplace, and will in the future be unavailable to engage in her usual affairs, and was caused to and did expend diverse large sums of money for necessary hospital, and medical care, will in the future be caused to and will remain responsible for expended diverse large sums of money for necessary hospital and medical care, as well as incurring other pecuniary expenses, all to Plaintiff's great damage, injury and loss of normal life.

WHEREFORE, the plaintiff, JENEAL NELSON, filing this Complaint on the Monday (03/14/16) following the date two years since the fall falling on a Sunday (03/13/14), demands judgment against the defendants, MENARD, INC., a corporation, in an amount **in excess of Fifty Thousand ($50,000.00) Dollars**, or the minimal jurisdictional limits of this court, plus costs.

Respectfully submitted,

By: *Ira M. Kleinmuntz, Esquire*
Attorney for Plaintiff

Ira M. Kleinmuntz, Esquire
*Attorney & Counselor at Law*
KLEINMUNTZ LAW OFFICE
111 West Wacker ~ Suite 2610
Chicago, Illinois 60601
(312) 853-1100

Attorney Code #27371

ELECTRONICALLY FILED 3/14/2016 2:12 PM 2016-L-002675 PAGE 4 of 4

-4-

29459.34 MJH/ms

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JENEAL NELSON,                          )
                                        )
            Plaintiffs,                 )
v.                                      )        NO. 16 L 2675
                                        )
MENARD, INC.,                           )
                                        )
            Defendant.                  )
                                        )

## MENARD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, MENARD, INC., by and through its counsel, LEWIS, BRISBOIS, BISGAARD & SMITH, LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

1.      On March 13, 2014, and at all times relevant, the plaintiff, JENEAL NELSON, was a patron of a local retail establishment of MENARD, INC., located at 21630 S. Cicero Ave., Matteson, State of Illinois, and County of Cook.

**ANSWER:      Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law and demands strict proof thereof.**

2.      On and about March 13, 2014, Defendant, MENARD, INC., owned, maintained and controlled the premises and operations located at said location at 21630 S. Cicero Ave., Matteson, State of Illinois, and County of Cook.

**ANSWER:      Defendant admits only that, at the time alleged, Defendant owned, leased, possessed, operated, and/or managed a retail store located on the premises. Further answering, Defendant states that the remaining allegations in Paragraph 2 of Plaintiff's Complaint are legal conclusions and not alleged facts, and therefore, Defendant neither admits nor denies said allegations. To the extent that any such allegations are deemed otherwise, this Defendant denies each and every such allegation.**

3.  On March, 13, 2014, Defendant, MENARD, INC., at said location by and through it's agents, employees and servants, was not only present in and upon said premises but controlled portions of the premises wherein said patrons of the establishment, including plaintiff JENEAL NELSON were permitted and required to walk past and through the ingress and egress entrances of said store as welcome patrons of the store for the economic benefit and monetary profit.

**ANSWER:  Defendant admits only that, at the time alleged, Defendant owned, leased, possessed, operated, and/or managed a retail store located on the premises. Further answering, Defendant states that the remaining allegations in Paragraph 3 of Plaintiff's Complaint are legal conclusions and not alleged facts, and therefore, Defendant neither admits nor denies said allegations. To the extent that any such allegations are deemed otherwise, this Defendant denies each and every such allegation.**

4.  On and prior to said date, the Defendant, MENARD, INC., was in charge of and had the right to possession and control and did possess and control the entry and exist ways and aisle ways and interior walkways leading into and out of and throughout the MENARD, INC. whereat merchandise was stored and displayed and where plaintiff was intended and permitted to walk and did walk for the purpose of patronizing the retail establishment.

**ANSWER:  Defendant admits only that, at the time alleged, Defendant owned, leased, possessed, operated, and/or managed a retail store located on the premises. Further answering, Defendant states that the remaining allegations in Paragraph 4 of Plaintiff's Complaint are legal conclusions and not alleged facts, and therefore, Defendant neither admits nor denies said allegations. To the extent that any such allegations are deemed otherwise, this Defendant denies each and every such allegation.**

5.  At said place and time, the defendant, MENARD, INC., had the duty to control the conditions of the entryways and exists and aisle ways and all walkways leading into and out and through the MENARD, INC. whereat merchandise was stored and displayed and pallets for merchandise display were placed and provide a safe place to walk within and about the premises and

specifically the area where plaintiff did walk for the purpose of entering and exiting and patronizing the retail establishment.

**ANSWER:** **Defendant admits all duties imposed upon it by law, and only those duties imposed on it by law, and specifically denies any breach thereof.**

6.      At all times relevant, the Plaintiff, JENEAL NELSON, was an invitee lawfully upon the aforesaid premises, an intended and foreseeable permitted user in the exercise of ordinary care for her own safety.

**ANSWER:** **Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law and demands strict proof thereof.**

7.      At all times relevant, while walking through entrance and exit and aisles and walkways of the MENARD, INC., the Plaintiff, JENEAL NELSON, was at all times in the exercise of ordinary and reasonable care for her own safety and was at all times free from any contributory fault whatsoever in the course of her conduct, or the manner in which she passed by and through the entrance and exit and aisles of displayed merchandise while Plaintiff was a patron of the retail establishment open to the public as a patron and invitee.

**ANSWER:** **Defendant denies the allegations contain in Paragraph 7 of Plaintiff's Complaint at Law.**

8.      It was at all times relevant the duty of the defendant, MENARD, INC., to use ordinary and reasonable care in its operation and maintenance of said premises to that invitees and those members of the public who, for whatever reason, choose to patronize said premises and as invitees to said premises, could safely enter and exit and walk through said premises and to exercise ordinary and reasonable care towards said plaintiff, JENEAL NELSON, or others like her, with due regard for the safety of the plaintiff and her person and property.

**ANSWER:**   **Defendant admits all duties imposed upon it by law, and only those duties imposed on it by law, and specifically denies any breach thereof.**

9.      Yet, notwithstanding the aforesaid duty, the defendant, MENARD, INC., by and through its agents, employees and/or representatives, acting within the course and scope of their employment, and acting under the control and for the economic benefit and monetary profit of the defendant, were guilty of one or more of the following careless and negligent acts, to-wit:

a.   Negligently carelessly an improperly failed to properly place pallet displays of merchandise for sale near the entrance and exit attendant to its displayed merchandise in a suitable and safe contained manner, to the injury of plaintiff;

b.   Negligently, carelessly and improperly placed pallet displays on the floor by entrance and exit in a manner that blocked safe ingress and egress to the premises to the injury of the plaintiff;

c.   Negligently, carelessly and improperly placed the pallet displays in a location which as a crowded entrance, exit and walkway for a patron entering or exiting or walking into or out of the store creating a tripping hazard to exist on the floor of the store near the doorway;

d.   Negligently, carelessly and improperly failed to provide a safe means of travel through the entrance and exit door by permitting a pallet display to sit latent on the floor where it could and did cause a patron to trip and fall while negotiating a crowded entrance and exit way to the injury of the plaintiff;

e.   Negligently, carelessly and improperly caused, directed and permitted the plaintiff to walk through said entrance and exit way upon the premises when the defendants knew or should have known due to product placement on a tnen near empty pallet to be latent and unseen could cause injury to the plaintiff;

f.   Were otherwise careless and negligent by permitting said conditions to exist on said premises without warning or obvious visibility of said tripping hazard although defendant knew or in the exercise of ordinary care should have known of the condition of it's premises and danger to persons and patrons then and there attempting to patronize it's place of business.

**ANSWER:**   **Defendant denies the allegations contain in Paragraph 9 of Plaintiff's Complaint at Law, including each and every subparagraph (a) through (f).**

10.      As a direct and proximate result of one or more of the aforesaid wrongful, careless and negligent acts of the defendant, the plaintiff, JENEAL NELSON, was injured when her foot got

caught in a pallet placed by the door and she became stuck and her forward motion and entanglement of her foot in the pallet caused plaintiff to fall whereby plaintiff did sustain serious injuries, one of which is permanent.

**ANSWER:** **Defendant denies the allegations contain in Paragraph 10 of Plaintiff's Complaint at Law.**

11.     Also as further direct and proximate result of one or more of the aforesaid wrongful, careless and negligent acts of the defendant, the plaintiff, JENEAL NELSON, did suffer great mental and physical pan, anguish and suffering, and sustained various physical injuries to her person and to be otherwise permanently injured and disabled in her health and vitality and to be rendered temporarily totally incapacitated so as to be unavailable for her usual enjoyment of daily living or affairs both inside and outside of the home or workplace, and will in the future be unavailable to engage in her usual affairs, and was caused to and did expend diverse large sums of money for necessary hospital, and medical care, will in the future be caused to and will remain responsible for expended diverse large sums of money for necessary hospital and medical care, as well as incurring other pecuniary expenses, all to Plaintiff's great damage, injury and loss of normal life.

**ANSWER:** **Defendant denies the allegations contain in Paragraph 11 of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MENARD, INC., denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss Plaintiffs' Complaint and for any other relief it deems just, including costs.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, MENARD, INC., by and through its counsel, LEWIS BRISBOIS BISGAARD & SMITH and for its Affirmative Defenses to Plaintiffs' Complaint at Law, states as follows:

4847-0598-0978.1

## FIRST AFFIRMATIVE DEFENSE
## COMPARATIVE NEGLIGENCE

1.    At the time of the occurrence alleged in Plaintiffs' Complaint at Law, the Doctrine of Comparative Negligence was in full force and effect.

2.    At the time and place of the occurrence, Plaintiff, JENEAL NELSON, was then and there guilty of one or more of the following wrongful acts and/or omissions:

> (a) Carelessly and negligently failed to act in a reasonable and safe manner;
> (b) Carelessly and negligently failed to see an open and obvious condition;
> (c) Carelessly and negligently failed to keep a proper lookout for her own safety; and
> (d) Was otherwise careless and negligent.

3.    That in the event that Plaintiff was injured, said injuries were directly and proximately caused by one or more of the above mentioned careless and negligent acts and/or omissions on the part of the Plaintiff, therefore, this action is barred.

4.    That any award granted to the Plaintiff should be reduced by Plaintiff, JENEAL NELSON'S commensurate percentage of fault pursuant to Plaintiff's comparative negligence.

WHEREFORE, Defendant MENARD, INC. denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss Plaintiff's claims, enter judgment in favor of this Defendant and against the Plaintiff, and order whatever additional relief it deems just, including costs.

## SECOND AFFIRMATIVE DEFENSE
## CONTRIBUTORY NEGLIGENCE

5.    At the time and place of the occurrence alleged in the Plaintiffs' Complaint at Law, 735 ILCS 5/2-1116 was in effect and bars any recovery when a plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought.

6.     At the time and place of the occurrence, Plaintiff, JENEAL NELSON, was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a) Carelessly and negligently failed to act in a reasonable and safe manner;
(b) Carelessly and negligently failed to see an open and obvious condition;
(c) Carelessly and negligently failed to keep a proper lookout for her own safety; and
(d) Was otherwise careless and negligent.

7.     Any injury sustained by the Plaintiff was more than 50% proximately caused by one or more of the above captioned careless and negligent acts and/or omissions.

8.     This action is therefore barred because of the Plaintiff, JENEAL NELSON'S contributory negligence pursuant to 735 ILCS 5/2-1116.

WHEREFORE, Defendant MENARD, INC. denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss Plaintiff's claims, enter judgment in favor of this Defendant and against the Plaintiff, and order whatever additional relief it deems just, including costs.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH

By: _____
One of Menards' Attorneys

Martha J. Heiberger
Timothy J. Young
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Firm ID No. 41737
Martha.Heiberger@lewisbrisbois.com
Tim.Young@lewisbrisbois.com

4847-0598-0978.1

## AFFIDAVIT IN SUPPORT OF WANT OF KNOWLEDGE

I, MARTHA J. HEIBERGER, one of the attorneys for the Defendant MENARD, INC., pursuant to Section 2-610(b) of the Code of Civil Procedure, being duly sworn under oath depose and state that this Defendant has no knowledge sufficient to form a belief thereof as to the truth of the allegations contained in those Paragraphs of the Answer to Plaintiffs' Complaint at Law answered by the Defendant as having want of knowledge as set forth more fully in Defendant's Answer to Plaintiffs' Complaint at Law. I further state, that the statements made in the foregoing Answer to Plaintiffs' Complaint at Law as to the want of knowledge sufficient to form a belief are true and that as one of the attorneys for the Defendant, MENARD, INC., in the cause herein I am duly authorized to make this Affidavit on behalf of the Defendant, MENARD, INC. d/b/a MENARDS.

_____
Attorney

SUBSCRIBED & SWORN to
before me this  31st  day
of  May  , 2016

_____
Notary Public

```
OFFICIAL SEAL
AMANDA D WALSH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/05/20
```

# Cook County
# Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

## Case Information Summary for Case Number
## 2016-L-002675

Filing Date: 3/14/2016
Division: Law Division
Ad Damnum: $50000.00

Case Type: PREMISES LIABILITY
District: First Municipal
Calendar: D

### Party Information

**Plaintiff(s)**
NELSON JENEAL

**Attorney(s)**
KLEINMUNTZ IRA M
111W WACKER #2610
CHICAGO IL, 60601
(312) 853-1100

**Date of Service**

**Defendant(s)**
MENARD, INC.

**Attorney(s)**

### Case Activity

Activity Date: 3/14/2016

Participant: NELSON JENEAL

PREMISES LIABILITY COMPLAINT FILED

Court Fee: 359.00
Ad Damnum Amount: 50000.00

Attorney: KLEINMUNTZ IRA M

Activity Date: 3/14/2016

Participant: MENARD, INC.

SUMMONS ISSUED AND RETURNABLE

Activity Date: 3/14/2016

Participant: NELSON JENEAL

## CASE ELECTRONICALLY FILED

Attorney: KLEINMUNTZ IRA M

Activity Date: 3/17/2016                           Participant: NELSON JENEAL

### POSTCARD GENERATED

Attorney: KLEINMUNTZ IRA M
Microfilm: LD000000000

Activity Date: 3/17/2016                           Participant: NELSON JENEAL

### CASE MANAGEMENT DATE GENERATED

Date: 5/10/2016
Court Time: 1000

Activity Date: 4/29/2016                           Participant: NELSON JENEAL

### ALIAS SUMMONS ISSUED

Court Fee: 6.00                    Attorney: KLEINMUNTZ IRA M

Activity Date: 5/10/2016                           Participant: NELSON

### CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED -

Date: 6/14/2016
Court Time: 1030                    Judge: BROSNAHAN JANET ADAMS

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

Start a New Search